IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA NESBITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-98-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Marsha Nesbitt ("Plaintiff" or "Claimant") seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed and remanded.

## **Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including coronary artery disease, left forearm neuropathy, diabetes, morbid obesity, gastrointestinal disease, lumbar syndrome, and bipolar disorder. *See* Dkt. No. 24 at 10-14. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See* Administrative Record [Dkt. No. 19] ("Tr.") at 11.[1] That hearing was held on November 9, 2009. *See id.* At the time of the

---

[1] The Administrative Record contains two copies of the ALJ's decision. The ALJ initially issued her decision on March 12, 2010. *See* Tr. at 23. Plaintiff and her counsel did not receive the decision until June 2, 2010, and, as such, Plaintiff's deadline to

hearing, Plaintiff was 39 years old. *See id.* at 38. She is a high school graduate and attended college for approximately one and a half years. *See id.* She has past work experience as a home health care provider, medical assistant, and telemarketer. *See id.* at 17. Plaintiff has not engaged in substantial gainful activity since September 1, 2006. *See id.* at 13.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from coronary artery disease, diabetes mellitus, left forearm neuropathy, obesity, and an affective mood disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 13. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work but could not return to her past relevant employment. *See id.* at 18. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as a ticket taker, parking lot attendant, and counter clerk – jobs that exist in significant numbers in the national economy. *See id.* at 18. Given her age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.* at 19.

---

appeal the decision had passed. Plaintiff's counsel therefore requested that the ALJ issue a new decision with an "issued-on" date to reflect when Plaintiff and her counsel received the decision. *See id.* at 22. The ALJ re-issued her decision, without substantial changes, on June 3, 2010. *See id.* at 19. For purposes of this opinion, the Court will cite to the June 3, 2010 decision.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the assessment of her residual functional capacity is not supported by substantial evidence and results from reversible legal error, and (2) the finding that she can perform other work in the national economy was based on an improper hypothetical question to the vocational expert. *See* Dkt. No. 24 at 8-9; Dkt. No. 29 at 1, 5. The ALJ made findings with respect to physical and mental limitations, but Plaintiff's appeal focuses only on issues with respect to the ALJ's mental residual functional capacity ("RFC") assessment.

The Court determines that the hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including

---

[2] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id*. § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

> 4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements

to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

Plaintiff raises three issues on appeal in her initial opening brief. *See* Dkt. No. 24 at 8-9. But these three issues may be combined to present two issues for the Court to consider: (1) whether substantial evidence supports the ALJ's RFC assessment as to Plaintiff's mental disability, and (2) whether the ALJ's hypothetical question to the

vocational expert properly accounted for Plaintiff's mental disability. The Court only needs to address the first of Plaintiff's issues because reversal is clearly warranted on that ground alone.

Though Plaintiff has hundreds of pages of medical records, she has very few records related to her mental disability. Moreover, she has only one treating physician – Dr. Ardashes Mirzatuny – whom she saw for her mental impairment. Plaintiff argues that the ALJ failed to consider Dr. Mirzatuny's opinion. *See* Dkt. No. 24 at 23. Plaintiff further contends that the ALJ implicitly rejected Dr. Mirzatuny's opinion, did not provide good cause for doing so, and did not undertake the required analysis and determine what weight Dr. Mirzatuny's opinion should be given. *See id.* at 26-28. The end result, according to Plaintiff, was that the ALJ improperly rejected the only treating physician opinion with respect to Plaintiff's mental disability and therefore was left without any medical support for her RFC assessment. *See id.* at 28. Plaintiff relies on *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995), to support her contention that in rejecting Dr. Mirzatuny's opinion, the ALJ left her RFC assessment without support for the effect Plaintiff's mental impairment has on her ability to work. *See id.* at 29-30.

Defendant responds that the ALJ properly considered the medical evidence and that, as such, substantial evidence exists to support the ALJ's RFC assessment. *See* Dkt. No. 27 at 9. More specifically, Defendant argues that the ALJ specifically discussed Dr. Mirzatuny's opinion and did sufficiently analyze the weight to be given to Dr. Mirzatuny's opinion. *See id.* Finally, Defendant argues that *Ripley* is not

analogous to the instant case and that the ALJ's mental ability RFC assessment is supported by substantial evidence. *See id.* at 9-10.

The RFC is an assessment, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite her impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.954(a). The RFC refers to the most that a claimant is able to do despite her physical and mental limitations. *See* 20 C.F.R. §§ 404.1545(a), 416.954(a). The ALJ considers the RFC, along with the claimant's age, education, and work experience, to make a determination as to whether the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "Generally, an ALJ should request a medical source statement that describes the types of work a claim can still perform." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *see also Johnson v. Astrue*, No. 3;12-cv-4175-BK, 2013 WL 3297594, at *4 (N.D. Tex. July 1, 2013). The absence of such a statement is only reversible error, however, if the ALJ's decision is not supported by substantial evidence. *See Ripley*, 67 F.3d at 557.

In *Ripley*, the ALJ ruled that the claimant could perform sedentary work even though there was no medical evidence or testimony supporting that conclusion. *See id.* The Court of Appeals noted that the claimant's record contained a vast amount of evidence establishing that he had a back problem but did not clearly establish the effect that condition had on his ability to work. *See id.* The Fifth Circuit therefore remanded with instructions for the ALJ to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work. *See id.* at 557-58. The Court of Appeals rejected the Commissioner's attempt to argue that the

medical evidence substantially supported the ALJ's conclusion because the court was unable to determine the effects of the claimant's conditions, "no matter how 'small,'" on his ability to work, absent a report from a qualified medical expert. *See id.* at 558 n.27.

The Court acknowledges Defendant's argument that *Ripley* is distinct from the case at hand but is not convinced by it. Defendant seems to argues that the holding in *Ripley* is limited to those circumstances involving a "vast" amount of medical records. *See* Dkt. No. 27 at 10. But the *Ripley* decision imposes no such limitation on its holding, and courts following *Ripley* have not required as much. *See Shugart v. Astrue*, No. 3:12-cv-1705-BK, 2013 WL 991252, at *5-*6 (N.D. Tex. Mar. 13, 2013); *Newman v. Astrue*, No. 3:11-cv-2033-B-BK [Dkt. No. 33] (N.D. Tex. July 16, 2012), *rec. adopted*, 2012 WL 3104648, at *1 (N.D. Tex. July 13, 2012) [Dkt. No. 29-1]; *Newsome v. Barnhart*, No. 3:03-cv-3030-D, 2004 WL 3312833, at *1 (N.D. Tex. Oct. 8, 2004).

Moreover, there is some medical evidence to suggest that Plaintiff's mood affective disorder is substantial, such as medical notes that she first began having mood disorder issues after her open heart surgery in 2008 and that she had suffered from crying spells, decreased motivation, and a sense of worthlessness associated with paranoia and that she had thoughts of crashing her car or going off a bridge. *See* Tr. at 393, 403.

In this case, the ALJ apparently attempted to compensate for Plaintiff's affective mood disorder when she limited Plaintiff to simple work. *See* Tr. at 17 (determining that, despite some mental health limitations, and in light of Plaintiff's

full range of daily activities, Plaintiff could perform the demands of simple work). But there is a dearth of medical evidence in the record to support a determination that Plaintiff can perform such work despite her mental impairments. *Accord Ripley*, 67 F.3d at 557-58. The only medical source statement that addresses Plaintiff's ability to do work-related activities in light of her affective mood disorder is that of Dr. Mirzatuny. The ALJ did not accept Dr. Mirzatuny's opinion that Plaintiff's GAF was 43, which indicates serious symptomatology, *see* Tr. at 17, and which found Plaintiff had substantial limitations in many regards necessary to complete work, *see id.* at 496-97. Rather, in determining Plaintiff's ability to do simple work despite her mood affected disorder, the ALJ pointed to a few of Plaintiff's subsequent medical records, noting that some subsequent medical records did not contain notes regarding depressive symptoms and to Plaintiff's daily activities – not medical evidence. *See id.* at 17. The Court notes that those records relied on by the ALJ – Exhibit 14F and 19F – were not mental health records. *See id.* at 477-483, 523-526. This whole course of conduct is what *Ripley* forbids. *See Ripley*, 67 F.3d at 557.

Even assuming that the ALJ was entitled to not give Dr. Mirzatuny's opinion any weight, there is then no evidence supporting the ALJ's RFC findings at step 3 and step 5 that Plaintiff can perform simple work, such as ticket taker, parking lot attendant, or counter clerk. *See, e.g.*, *Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th Cir. 2009) (reversing and remanding where the ALJ rejected the opinions of the claimant's treating physicians and relied on his own medical opinions as to the limitations presented by the claimant's back problems in determining RFC). While the

ALJ may choose to reject Dr. Mirzatuny's opinions, she cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley*. *See* 67 F.3d at 557-58. Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments. *See id.* at 557.

Therefore, the ALJ erred in reaching her conclusion that Plaintiff could do simple work because the record lacks substantial evidence to support her findings concerning the <u>effect</u> of her mental condition on her work-related abilities. *See Newsome*, 2004 WL 3312833, at *4; *Newman v. Astrue*, No. 3:11-cv-2033-B-BK [Dkt. No. 33] (N.D. Tex. July 16, 2012), *rec. adopted*, 2012 WL 3104648, at *1 (N.D. Tex. July 13, 2012) [Dkt. No. 29-1].

Reversal is only warranted, however, if the claimant shows that she was prejudiced by the ALJ's error. Prejudice is established when the claimant demonstrates that she would have adduced evidence that might have changed the result. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). Plaintiff has demonstrated prejudice by pointing to evidence that the ALJ could have obtained and that might have changed the result – specifically, a subsequent medical source statement regarding Plaintiff's mental health. *See Newsome*, 2004 WL 3312833, at *4. As such, reversal and remand for further proceedings is required.

Because the Court is remanding based on the ALJ's error in determining Plaintiff's RFC, there is no need for the Court to address the remaining issue, which is moot in light of the Court's ruling.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: September 20, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE